IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RUBEN ALEXANDER GONZALEZ,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN KARL KNOX,<br><br>  Respondent. | CIVIL ACTION NO.: 4:20-cv-253 |

### ORDER AND REPORT AND RECOMMENDATION

Presently before the Court are Petitioner Ruben Gonzalez's ("Gonzalez") 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, Motion for Leave to Proceed *in Forma Pauperis*, and Motion to Establish Filing Date. Docs. 1, 2, 3. For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Gonzalez's § 2254 Petition based on his failure to exhaust, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Gonzalez *in forma pauperis* status on appeal and a Certificate of Appealability.[1] I **DENY as moot** Gonzalez's Motions. Docs. 2, 3.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Gonzalez his suit is due to be dismissed. As indicated below, Gonzalez will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and

## BACKGROUND

On October 20, 2020, Gonzalez filed a § 2254 Petition attacking criminal proceedings in Chatham County, Georgia. Doc. 1. Gonzalez also filed a Motion for Leave to Proceed *in Forma Pauperis* and a Motion to Establish Filing Date. Docs. 2, 3. These matters are ripe for review.

## DISCUSSION

In his Petition, Gonzalez contests his Chatham County criminal proceedings. Doc. 1 at 1. After a jury trial, Gonzalez was convicted and sentenced on May 20, 2017, to a 30-year term of imprisonment based on his convictions for criminal attempt to commit murder, aggravated assault, possession of a firearm during the commission of a felony, and cruelty to children. Id. Gonzalez filed a motion for new trial, which the trial court denied. Gonzalez then filed an appeal, and the Georgia Court of Appeals affirmed his convictions and sentences in an opinion dated September 25, 2019. Gonzalez v. State, 833 S.E.2d 83 (Ga. Ct. App.) (2019). Gonzalez states he filed an extraordinary motion for new trial with the Chatham County Superior Court on July 30, 2019, which was denied on March 3, 2020. Doc. 1 at 4. Though he provides no date for the filing, Gonzalez notes he has a state habeas petition pending in the Washington County Superior Court and raised the grounds raised in his § 2254 Petition in his state habeas petition. Id. at 6–12, 16–24.

### I. Whether Gonzalez Exhausted His State Remedies

Gonzalez's Petition should be dismissed because he failed to exhaust his available state remedies prior to filing his Petition. Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement he seek relief from the courts within his state of conviction. That requirement is as follows:

---

recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

2

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C.

§§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also explicitly waive the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Gonzalez has not shown this Court should entertain his federal petition.[2]  It is clear from the face of Gonzalez's Petition he did not exhaust his state remedies prior to the filing of his Petition, as he states he has a state court habeas corpus petition pending.  In addition, there is no evidence corrective process in the State of Georgia is unavailable.  See O.C.G.A. § 9-14-40 *et seq.*(setting forth Georgia's general habeas proceedings).

What is more, Gonzalez has not shown there has been an unreasonable amount of time which has elapsed since the time he filed his state application for habeas corpus relief and the date of the filing of his federal habeas corpus Petition.  See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (noting the exhaustion of state remedies may be excused in a situation where there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state relief[]" but finding a three-and-one-half-year delay in the state

---

[2]   Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition].  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

courts insufficient to excuse exhaustion); cf. Cail v. Smith, CV605-41, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006) (finding a nine-year plus "standstill" in the petitioner's state case an inappropriate basis upon which to grant the motion to dismiss for failure to exhaust state remedies).  Gonzalez filed his state habeas application presumably at some time in 2020, and he executed his §2254 Petition on October 15, 2020, which was filed with this Court on October 20, 2020.  Doc. 1 at 25.  Hardly any time elapsed since Gonzalez filed his state habeas application before he filed his § 2254 Petition.

The Court notes Gonzalez's repeated assertions he has filed his § 2254 Petition to "guard against" the one-year statute of limitations period applicable to § 2254 petitions, 28 U.S.C. § 2244(d).  See, e.g., id. at 23.  However, such assertions do not overcome Gonzalez's exhaustion requirement or the facts his state habeas proceedings were pending at the time he filed his § 2254 Petition in this Court and he has not shown entitlement to waiver of the exhaustion requirements.  Madison v. McLaughlin, CV421-136, 2021 WL 4395636 (S.D. Ga. May 6, 2021) (noting petitioner's state collateral proceedings were pending at the time of filing his § 2254 petition and he failed to show he was entitled to waiver of the exhaustion requirements and recommending petition be dismissed without prejudice), *adopted by* 2021 WL 3856456 (S.D. Ga. Aug. 30, 2021).

Gonzalez failed to exhaust his available state remedies prior to filing his § 2254 Petition.  Consequently, his Petition should be dismissed, without prejudice.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Gonzalez leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Gonzalez has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the

Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Gonzalez's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Gonzalez *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Gonzalez's § 2254 Petition based on his failure to exhaust, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Gonzalez *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY as moot** Gonzalez's Motions. Docs. 2, 3.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

7

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA